IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JERRY DUGGER, | ) |
|     Plaintiff, | ) |
| | ) Case No.: 2:18-CV-00185 |
| v. | ) |
| | ) JURY DEMAND |
| AMERICAN WATER HEATER COMPANY | ) |
| and A.O. SMITH CORPORATION, | ) |
|     Defendants. | ) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE

Defendants American Water Heater Company ("AWH") and A.O. Smith Corporation ("AOS," and collectively with AWH, "Defendants"), by and through counsel, hereby submit this Memorandum of Law in Support of its Motion in Limine, and request that this Court enter an order excluding at trial (i) any testimony by Plaintiff about what his medical providers and their respective employees may have told him; (ii) references to Defendants' trail counsel and the costs of Defendants' defense; (iii) the "Golden Rule" appeal to the jury; (iv) any testimony, documentary presentation, or argument related to Plaintiff's claims that the Court dismissed on summary judgment; and (v) testimony by Kevin Goldsburg or Kim LaForce at trial.

    **i.** **Statements by Plaintiff's medical providers and their employees made to Plaintiff outside of Court are inadmissible hearsay.**

Plaintiff's deposition was taken on February 7, 2020. During his deposition, Plaintiff testified regarding what others allegedly told him, including (i) that a receptionist, medical provider, or other employee at the healthcare provider's office told Plaintiff that they could not fix old paperwork; and (ii) that Dr. Hopland told Plaintiff he did not know how to fill out a

1

FMLA certification for sleep apnea. (Pl.'s Depo. 78:10-14; 91:14-25; 95:2-11). Defendants anticipate that Plaintiff will attempt to offer similar testimony at trial about what others allegedly told him regarding filling out the "old" FMLA recertification form or a FMLA certification form for sleep apnea. However, such evidence should be excluded because it is inadmissible hearsay pursuant to Federal Rule of Evidence 802.

"Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c); *see also United States v. Childs,* 539 F.3d 552, 559 (6th Cir. 2008). Plaintiff is offering these statements by others to prove the truth of the matter asserted (i.e. that it was not possible to recertify Plaintiff for FMLA leave based on the paperwork he provided them and that Dr. Hopland did not know how to fill out a FMLA certification for sleep apnea). Plaintiff's testimony about what others told him is impermissible hearsay and no exception under the Federal Rules of Evidence applies to permit these statements admission. For all of these reasons, Defendants respectfully submit that the Court should grant this Motion *in Limine* and enter an order excluding Plaintiff from testifying as to what he was allegedly told by Dr. Hopland and all employees of his medical providers (including the receptionists as well as the providers) at the trial of this matter.

### ii. References to Defendants' trial counsel and the costs of Defendants' defense are irrelevant and prejudicial.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action" more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence that fails to meet this standard is not admissible. Fed. R. Evid. 402. The residence, office locations, and resources of Defendants' counsel, along with the number of lawyers involved in this action, are not "facts of consequence" to the

4817-8303-6367v2
2781297-000047 10/26/2020

determination of any of Plaintiff's claims and are, therefore, irrelevant. Similarly, the cost of Defendants' defense, or any aspect of it is also irrelevant. Accordingly, such evidence should be excluded under Federal Rule of Evidence 402.

Even if such evidence were relevant, it should still be excluded under Federal Rule of Evidence 403, which provides that relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403. There is no probative value to the residence, office locations, and resources of the lawyers involved in this action, or in the cost of Defendants' defense, but such information may prejudice Defendants in the eyes of the jury in terms of its award of relief. Specifically, this evidence may engender sympathy for Plaintiff in the eyes of the jury. If the jury determines that relief is appropriate, such information is entirely inappropriate for consideration in both the fact of and amount of such relief.

These types of oblique references to Defendants' perceived "wealth" are generally inadmissible because they "can be taken as suggesting that the defendant should respond in damages because he is rich. . . ." *Reilly v. Natwest Mkts. Group, Inc.*, 181 F.3d 253, 266 (2d Cir. 1999) (citing *Koufakis v. Carvel*, 425 F.2d 902 (2d Cir. 1970); Joseph M. McLaughlin, <u>Weinstein's Fed. Evid.</u> § 401.08[6] (2d ed. 1998)); *see also Eisenhauer v. Burger*, 431 F.2d 833, 837 (6th Cir. 1970) (recognizing that evidence as to poverty or wealth of party is inadmissible in negligence action); *Tiller v. Ford Motor Co.*, No. 3:03-CV-489-J-32HTS, 2006 WL 166530, at *14 (M.D. Fla. Jan. 21, 2006) (granting without discussion defendant's motion in limine to exclude evidence that defendant has "deep pockets").

3

4817-8303-6367v2
2781297-000047 10/26/2020
Case 2:18-cv-00185-SKL   Document 50   Filed 10/26/20   Page 3 of 9   PageID #: 740

For the foregoing reasons, among others, Defendants respectfully request that this Court grant this Motion and enter an Order excluding at trial the challenged evidence and testimony and forbidding Plaintiff's counsel and all witnesses from commenting upon or about these facts.

### iii. The "Golden Rule" appeal to the jury is improper.

The suggestion that the jurors place themselves in a party's shoes is a "Golden Rule" argument. *Johnson v. Howard*, 24 Fed. Appx. 480, 487 (6th Cir. 2001) (citations omitted). Those circuits that have considered use of "Golden Rule" arguments have "universally condemned" them as improper because they invite decision based on bias and prejudice rather than consideration of facts. *Id.* (citations omitted). Defendants respectfully pray that this Court grant their Motion in Limine and enters an Order prohibiting Plaintiff, his counsel, or his witnesses from making any Golden Rule appeal in the presence of the jury.

### iv. Any testimony, documentary presentation, or argument related to Plaintiff's claims that the Court dismissed on summary judgment is irrelevant and prejudicial.

Plaintiff filed his Complaint on November 3, 2018, asserting claims for discrimination in violation of the Americans with Disabilities Act ("ADA"), as well as claims for interference and discrimination and retaliation in violation of the Family and Medical Leave Act ("FMLA"). [Doc. No. 1]. On July 23, 2020, the Court entered an Order granting Defendants' motion for summary judgment in part, and dismissed (i) Plaintiff's FMLA interference claim based on HR Supervisor Barker's communications with PA Hunsinger and (ii) any claim for discrimination under the ADA. [Doc. No. 41]. Accordingly, Defendants respectfully request that the Court enter an Order excluding Plaintiff from introducing evidence at trial concerning his dismissed claims.

In the Sixth Circuit, courts routinely exclude evidence of dismissed claims from trial. *See Heriges v. Wilson County, Tenn.* No. 3:09–cv–0362, 2010 WL 4116719, at *11 fn.7 (M.D. Tenn. Oct. 19, 2010) (citing *Bryce v. Trace, Inc.*, CIV-06-775-D, 2008 WL 906142, *3 (W.D. Okla. March 31, 2008) (granting the plaintiff's motion *in limine* to exclude reference to abandoned and dismissed claims as it is "common practice" to "shield [ ]" the jury from "such matters")); *L'Etoile v. New England Finish Sys., Inc.*, 575 F.Supp.2d 331, 340 (D.N.H. 2008) (finding evidence that the plaintiff had voluntarily dismissed claims earlier in the same litigation had "little if any probative value on the issue of [the plaintiff's] credibility, but carries significant risk of undue delay and waste of time."); *Merit v. Firstenergy Corp., et al.* (Jan. 7, 2008), No. 1:05-cv-00586, 2008 WL 89603, at *1 (N.D. Ohio) (granting motion *in limine* as to evidence relating to claims dismissed on summary judgment).

In accordance with the common practice in this jurisdiction, the Court should grant Defendants' motion and exclude Plaintiff from introducing evidence about his dismissed claims. Further, evidence related to Plaintiff's dismissed claims should be excluded because it is are no longer relevant. Evidence is relevant if it makes the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Because evidence of Plaintiff's dismissed claims would not make a fact of consequence to *this action* more or less probable, it is not admissible at trial.

Further, the Court may exclude evidence of Plaintiff's dismissed claims if "its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusion of the issues, [or] misleading the jury, undue delay, wasting time, …." Fed. R. Evid. 403. Evidence concerning Plaintiff's dismissed claims against Defendants serves no legitimate

purpose other than to confuse and mislead the jury about the issues and evidence in this case. Accordingly, the introduction of such evidence is improper and should be excluded.

> **v. Testimony by Kevin Goldsburg or Kim LaForce at trial would be irrelevant and prejudicial and could not be based on personal knowledge.**

Plaintiff lists Kevin Goldsburg ("Goldsburg") and Kim LaForce ("LaForce") as witnesses on his witness list. [Doc. No. 44]. Both Goldsburg and LaForce left employment by AWH before the relevant time period in this case; that is, the period during which Plaintiff exceeded his FMLA leave allotment in the years 2015 to 2017. *See Declaration of Melanie Barker* attached hereto as Exhibit A. Neither LaForce nor Goldburg would have personal knowledge of the issues surrounding Plaintiff's FMLA usage in the years 2015 to 2017. Specifically, Goldsburg was discharged by AWH on *March 8, 2013* and LaForce left the employ of AWH on *August 4, 2006*. *Id.* The primary people at AWH's plant responsible for the termination of Plaintiff's employment were the plant manager and the human resources manager. As shown below the plant manager and the human resources manager at the time Goldsburg was discharged in 2006 are not the same people in those positions when Plaintiff exceeded his FMLA allotment and was discharged in 2017. *Id.* Accordingly, these witnesses lack personal knowledge of Plaintiff's FMLA use and the reason for Plaintiff's employment termination and their expected testimony would be irrelevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action" more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence that fails to meet this standard is not admissible. Fed. R. Evid. 402. A lay witness may only testify based on personal knowledge. Fed. R. Evid. 602.

In his initial disclosures, Plaintiff claims LaForce has knowledge of "managerial practices in dealing with employees' FMLA requests and certifications and of managerial adverse

reactions to employees who request FMLA-protected leave, apply for FMLA certifications, or take FMLA-protected leave." Initial Disclosures, ¶ 7. (Attached as Exh. A). In the initial disclosures, Plaintiff further claims Goldsburg "was mistreated and penalized by Defendants for having to use FMLA protected leave." *Id.* ¶ 8. Again, neither LaForce nor Goldsburg were ever employed under the plant manager and human resources manager in place when Plaintiff exceeded his FMLA allotment and was discharged. Specifically, the plant manager, Carol Peters, and human resources manager, Mike Galloway, in place during the relevant period were hired in their roles on November 1, 2014, and April 1, 2016, respectively. *Barker Decl.* Since neither LaForce nor Goldsburg were employed by AWH at that time, neither has any experience with the relevant management. Additionally, LaForce has not been employed by AWH in nearly 15 years. Goldsburg has not been employed by AWH is nearly 8 years.

Testimony from LaForce or Goldsburg should be excluded because it is not relevant. Even if they had knowledge about how AWH functioned 10 or 15 years ago under different managers such knowledge has no bearing on how completely different management handled Plaintiff's situation here. Fed. R. Evid. 401. Further, neither witness could possibly testify about how the current AWH plant functions because they have never been employed by the current management, or in the case of LaForce, employed by AWH in any capacity since the mid-2000's. Per Fed. R. Evid. 602, neither witness can testify since they lack personal knowledge of matters relevant to this case.

Lastly, it would be prejudicial to allow these witnesses to testify. Under Fed. R. Evid 403, even relevant evidence may be excluded where the "probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403. Here, since the probative value is very low, the danger of unfair prejudice need not be incredibly high to justify barring the

testimony. Again, neither employee has worked for AWH in many years. It would serve no purpose other than to prejudice the jury to allow Goldsburg and LaForce to testify regarding what different AWH managers may have done in prior years and decades.

For all of these reasons, Defendants respectfully submit that the Court should grant this *Motion in Limine* and enter an order to exclude any testimony, documentary presentation, or argument related to Plaintiff's dismissed claims.

DATED this 26th day of October, 2020.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

/s/ Ronald S. Range, III
Charles K. Grant, BPR No. 017081
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: (615) 726-5767
Facsimile: (615) 744-5767
E-Mail: cgrant@bakerdonelson.com

Ronald S. Range III, BPR No. 033499
100 Med Tech Parkway, Suite 200
Johnson City, TN 37604
Telephone: (423) 975-7623
Facsimile: (423) 979-7623
E-Mail: trange@bakerdonelson.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 26, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                /s/ Ronald S. Range, III
                                                Attorney