UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JERRY DUGGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-CV-00185-SKL |
| ) | |
| AMERICAN WATER HEATER COMPANY ) | |
| and A.O SMITH CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case arises under the Family Medical Leave Act ("FMLA"). Plaintiff Jerry Dugger was discharged from his position with Defendants American Water Heater Company and A.O. Smith Corporation ("Defendants") on January 13, 2017, for alleged excessive absenteeism. Currently before the Court is Defendants' motion in limine to exclude certain evidence, as well as a memorandum in support [Doc. 49 & Doc. 50]. Plaintiff responded, agreeing to certain portions of Defendants' motion and opposing the remainder [Doc. 62]. Defendants did not file a reply, and the time for doing so has passed. E.D. Tenn. L.R. 7.1. This matter is now ripe. The parties' arguments are addressed in turn below.

I. ANALYSIS

    A. Statements by Plaintiff's Medical Providers

Defendants seek to exclude statements by Plaintiff's medical providers and their employees as inadmissible hearsay [Doc. 50 at Page ID # 738-39]. During his deposition, Plaintiff testified that (1) an employee at the healthcare provider's office told Plaintiff that they could not "fix old [FMLA] paperwork"; and (2) Plaintiff's doctor said he did not know how to fill out a FMLA certification for sleep apnea [*id.*]. Defendants argue these statements are offered to prove the truth

of the matter asserted and that they are therefore inadmissible hearsay under Rule 801 of the Federal Rules of Evidence [*id*. at Page ID # 739].

Plaintiff responds that the statements are not hearsay because, in fact, they are not being offered for their truth [Doc. 62 at Page ID # 892]. Plaintiff claims the statements are offered to show why Plaintiff "acted as he did during 2016 and 2017" [*id*. at Page ID # 894].

Pursuant to Rule 801 of the Federal Rules of Evidence, an out-of-court statement must be offered for its truth to constitute hearsay. Moreover, the Sixth Circuit has held statements offered to show "why the listener acted as she did are not hearsay." *United States. v. Churn*, 800 F.3d 768, 776 (6th Cir. 2015) (citing *United States v. Pugh*, 273 F. App'x 449, 456 (6th Cir. 2008)). Plaintiff has clarified that the statements are not offered for their truth but to explain *why* Plaintiff failed to submit proper FMLA certification. Accordingly, the statements are not hearsay under Rule 801.

Therefore, Defendants' motion in limine is **DENIED** as to statements by Plaintiff's medical providers and their employees. The parties may confer and submit a limiting instruction for the Court to provide to the jury explaining the statements at issue are not being offered for their truth. Defendants must seek the instruction if and when the statements are offered during the trial.

### B.     Reference to Defendants' Trial Counsel/Cost of Defense

Defendants seek to exclude reference to the residence, office locations, number of lawyers involved in this action, and resources of Defendants' counsel, along with reference to the cost of Defendants' defense [Doc. 50 at Page ID # 739-40]. Defendants argue such evidence should be excluded under Federal Rule of Evidence 402, as it is irrelevant [*id*.]. Alternatively, Defendants argue this evidence should be excluded under Federal Rule of Evidence 403 [*id*. at Page ID # 740]. Defendants claim this information has no probative value and may unfairly prejudice Defendants in terms of any relief awarded [*id*.].

In response, Plaintiff agrees that evidence pertaining to Defendants' lawyers, as well as Defendants' corporate wealth, is not relevant [Doc. 62 at Page ID # 894-95]. However, Plaintiff claims the nature of Defendants' status as a "unified employer" under the FMLA may be relevant at trial [*id*. at Page ID # 895]. Plaintiff requests Defendants' motion be denied to the extent it would preclude presentation of evidence on this issue [*id*.].

The Court need not address Plaintiff's "unified employer" argument, as it is not implicated by Defendants' motion in limine. Moreover, because Plaintiff agrees that the identified references related to Defendants' trial counsel and the cost of Defendants' defense are irrelevant, Defendants' motion in limine is hereby **GRANTED** in this regard.

### C. The "Golden Rule" Appeal

Defendants seek to prohibit Plaintiff, his counsel, or other witnesses from making any "Golden Rule" appeal in the presence of the jury [Doc. 50 at Page ID # 741]. Defendants argue that suggestions for jurors to place themselves in a party's shoes are improper, as they invite verdicts based on bias and prejudice [*id.*]. Plaintiff contends Defendants' motion does not address any evidentiary issue [Doc. 62 at Page ID # 895].

The Sixth Circuit has held that "Golden Rule" arguments are improper. *Mich. First Credit Union v. Cumis Ins. Soc., Inc.*, 641 F.3d 240, 249 (6th Cir. 2011) (citations omitted); *Hodge v. Hurley*, 426 F.3d 368, 383-84 (6th Cir. 2005) (citations omitted); *Johnson v. Howard*, 24 F. App'x 480, 487 (6th Cir. 2001). The Court will apply this well-settled rule. Accordingly, Defendants' motion in limine regarding the "Golden Rule" is **GRANTED**.

### D. Plaintiff's Claims Dismissed on Summary Judgment

Defendants seek to exclude evidence concerning Plaintiff's claims that were dismissed by an Order on Defendants' motion for summary judgment [Doc. 50 at Page ID # 741-43]. On July

3

23, 2020, the Court entered an Order that dismissed (1) Plaintiff's FMLA interference claim based solely on HR Supervisor Barker's communications with PA Hunsinger and (2) any claim for discrimination under the ADA [Doc. 41 at Page ID # 711]. Defendants correctly note that the Sixth Circuit commonly excludes evidence of dismissed claims from trial [Doc. 50 at Page ID # 742]. Defendants argue evidence concerning Plaintiff's dismissed claims is no longer relevant [*id.*].

Plaintiff agrees that any mention of his prior ADA claim is irrelevant [Doc. 62 at Page ID # 895]. Plaintiff also agrees that he has no independent FMLA interference claim based solely on HR Supervisor Barker's communications with PA Hunsinger; however, Plaintiff contends that these communications are relevant to the circumstances of Plaintiff's remaining FMLA interference and discrimination claims[1] [*id.* at 896].

As Plaintiff does not object to the exclusion of evidence relevant only to his claims dismissed on summary judgment, the Court **GRANTS** Defendants' motion in limine to the extent it seeks to exclude such evidence. However, this Order does not preclude Plaintiff from presenting evidence that is relevant to Plaintiff's remaining claims. The Court will address any objections to such evidence at trial.

### E. Testimony by Kevin Goldsburg or Kim LaForce

Defendants seek to exclude testimony from Kevin Goldsburg and Kim LaForce as irrelevant, prejudicial, and not based on personal knowledge [Doc. 50 at Page ID # 743-45]. Plaintiff agrees that the testimony of these witnesses would not be relevant [Doc. 62 at Page ID #

---

[1] As discussed during the final pretrial conference, the parties may use the terms retaliation/discrimination and entitlement/interference to explain Plaintiff's two district theories of recovery. *See Arban v. W. Pub. Co.*, 345 F.3d 390, 400-01 (6th Cir. 2003). The parties should use the terms "interference" and "retaliation" in their proposed jury instructions unless they mutually agree otherwise.

896]. Accordingly, the Court **GRANTS** Defendants' motion in limine as to testimony from Mr. Goldsburg and Ms. LaForce.

## II.     CONCLUSION

For the reasons stated above, Defendants' motion in limine [Doc. 49] is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE